GDH/Kelley



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

Cancellation No. 15,966

C. H. Guenther & Son, Inc.,
dba Pioneer Flour Mills

FOR PUBLICATION IN FULL

v.

Whitewing Ranch Company and
Amcico Incorporated, joined
as party defendant

MAILED

IJUL 28 1988

PAT. & T. M. OFFICE

Petitioner, on May 5, 1988, submitted a motion for an order to show cause under Trademark Rule 2.134(b). In support thereof, petitioner states that the involved registration[1] "expired December 27, 1987"; that "[t]he last day for renewal of the Registration was March 27, 1988"; and that "there is no evidence, as of the current date, of renewal by Respondents". Petitioner consequently requests that the Board issue an order pursuant to Trademark Rule 2.134(b) which requires respondent to to show cause why the failure to renew the involved registration

---

[1] Reg. No. 841,336, issued December 26, 1967; combined affidavits §§8 and 15.

should not be deemed to be the equivalent of a cancellation by request of respondent without the consent of petitioner and should not result in entry of judgment against respondent as provided by Trademark Rule 2.134(a).[2]

Respondent, in a timely reply received on June 15, 1988,[3] has filed a brief in opposition to petitioner's motion

---

[2] Trademark Rule 2.134 provides that:

(a) After the commencement of a cancellation proceeding, if the respondent applies for cancellation of the involved registration under Section 7(d) of the Act of 1946 without the written consent of every adverse party, judgment shall be entered against the respondent.

(b) After the commencement of a cancellation proceeding, if it comes to the attention of the Trademark Trial and Appeal Board that the respondent has permitted his involved registration to be cancelled under Section 8 of the Act of 1946, or has failed to renew his involved registration under Section 9 of the Act of 1946, an order may be issued allowing respondent until a set time, not less than fifteen days, in which to show cause why such cancellation or failure to renew should not be deemed to be equivalent of a cancellation by request of respondent without the consent of the adverse party and should not result in entry of judgment against respondent as provided by paragraph (a) of this section. In the absence of a showing of good and sufficient cause, judgment may be entered against respondent as provided by paragraph (a) of this section.

[3] Respondent's uncontested motions for enlargements of time until June 25, 1988 to respond to petitioner's motion are granted. Trademark Rule 2.127(a).

and has also submitted an uncontested motion to dismiss the cancellation proceeding as moot. Respondent argues its position as follows:

> Registrant submits that inasmuch as the subject Registration 841,336 has expired, the subject Cancellation Proceeding has been rendered moot. In other words, having expired, the subject registration is no longer susceptible to cancellation. Accordingly, Registrant submits that Petitioner's motion for judgment should be denied and instead, the Petition for Cancellation should be dismissed as being moot. Such a dismissal is respectfully solicited by Registrant.
>
> Registrant also wishes to give notice to Petitioner that the failure to renew the subject registration was unintentional, and that Registrant may file a new application to re-register the trademark of the subject registration. Therefore, Petitioner should not view the expiration of the subject registration as an abandonment of the subject trademark by Registrant.

Turning first to the motion for an order to show cause under Trademark Rule 2.134(b), it is pointed out that the Board, in response to comments received, announced its policy regarding the

operation of Trademark Rule 2.134(b) in a notice of final
rulemaking which became effective on June 22, 1983.[4]  As is
relevant to this proceeding, the stated policy is that if the
respondent submits a showing that the expiration of its involved

_____

[4] 48 Fed. Reg. 23,133 (1983).  The full text of the comments and
response is set forth below:

> Comment:  With respect to proposed §2.134(b) (which
> provides that if the respondent in a cancellation
> proceeding permits his involved registration to be
> cancelled under Section 8 of the Act of 1946 or fails to
> renew the registration under Section 9 of the Act of
> 1946, such cancellation or failure to renew shall be
> deemed to be the equivalent of a cancellation by request
> of respondent without the consent of the adverse party
> and shall result in entry of judgment against
> respondent), two organizations commented that the
> judgment entered against a respondent under the proposed
> paragraph would have a res judicata effect; that the
> entry of such a judgment would be unduly harsh where the
> cancellation or expiration was the result of an
> inadvertence or mistake; and that, at a minimum, a
> respondent should be allowed to "show cause" why such a
> judgment should not be entered.  Similarly one
> individual commented that in such situations, a
> respondent whose use of its registered mark has in fact
> been discontinued should be put in a position whereby it
> can terminate the dispute with prejudice only as to the
> ground of abandonment.

> Response:  The paragraph has been modified to
> provide an opportunity for the respondent in such
> situation to "show cause" why judgment should not be
> entered against it.  If respondent submits a showing
> that the cancellation or expiration was the result of an
> inadvertence or mistake, judgment will not be entered
> against it.  If respondent submits a showing that the
> cancellation or expiration was occasioned by the fact
> that its registered mark had been abandoned and that
> such abandonment was not made for purposes of avoiding
> the proceeding but rather was the result, for example,
> of a two-year period of nonuse which commenced well
> before respondent learned of the existence of the
> proceeding, judgment will be entered against it only and
> specifically on the ground of abandonment.

registration was the result of an inadvertence or mistake, judgment will not be entered against it. Here, respondent has plainly indicated that "the failure to renew the subject registration was unintentional" and that the expiration thereof should not be viewed as an abandonment since respondent "may file a new application to re-register the trademark of the subject registration". Thus, inasmuch as respondent's statements amount to an acceptable showing of good and sufficient cause, the motion for an order to show cause under Trademark Rule 2.134(b) is denied.

With respect to the remaining motion to dismiss the petition for cancellation as moot, the Board notes that in light of the failure of respondent to renew its involved registration under Section 9 of the Trademark Act, petitioner would be entitled to elect whether it desires to dismiss its petition for cancellation without prejudice or wishes to go forward with this proceeding to obtain a determination of the pleaded issues. However, since petitioner's failure to respond to the motion indicates a preference for the former rather than the latter, the motion to

5

.dismiss the cancellation proceeding as moot is granted to the extent that the petition for cancellation is dismissed without prejudice.

J. E. Rice

L. E. Rooney

R. L. Simms
Members, Trademark
Trial and Appeal Board

cc:
Paul C. Van Slyke
c/o Pravel, Gambrell, Hewitt & Kimball
for C. H. Guenther & Son, Inc.
1177 West Loop South
10th Floor
Houston, Texas    77027

William E. Mouzavires
c/o Lyon & Lyon
for Whitewing Ranch Company
and Amico Incorporated
Suite 1150
1225 Eye Street, N.W.
Washington, D. C.    20005

6